935 F.2d 271
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ellan Pauline SANDERS, Plaintiff-Appellant,
v.
CITY OF FLATWOODS, KENTUCKY, Melvin C. Leonhart,
Individually and as Police Officer for the City of
Flatwoods, Kentucky, and Other Unnamed
Individuals, Defendants-Appellees.
 No. 90-5540.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1991.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and MILES, Senior District Judge.*
 DAVID A. NELSON, Circuit Judge.
 
 
 1
 This is an appeal from a judgment for the defendants in a civil rights action. The plaintiff asserted that the defendant police officer arrested her and had her booked and jailed pursuant to an arrest warrant that he knew was intended for her daughter; that he took these actions for the purpose of coercing the plaintiff into disclosing the daughter's whereabouts; and that the defendant municipality failed to train its officers properly, reflecting a policy or custom of condoning police misconduct. The district court found no genuine issue of material fact with respect to the claim against the defendant officer, and, on motion, the court entered summary judgment in his favor. Reasoning that the claims against the municipality were dependent upon the liability of the officer, the court dismissed a pending motion for production of city records and granted summary judgment to the municipality as well.
 
 
 2
 We conclude that on the record before the court, the officer was not entitled to judgment as a matter of law. The grant of summary judgment to the city must be vacated for that reason; we express no opinion as to whether the city may be entitled to judgment on other grounds.
 
 
 3
 * The plaintiff, Ellan P. Sanders, is a resident of Flatwoods, Kentucky. Her oldest daughter, Ellan T. Sanders, lived with her from time to time and used the mother's address--922 Daniels Drive--for her checking account.
 
 
 4
 In August of 1987 the daughter was indicted for writing a bad check. The indictment listed her address as 922 Daniels Drive. A warrant was issued for her arrest, but by mistake the warrant named "Ellen P. Sanders."
 
 
 5
 Defendant Melvin Leonhart, a police officer for the City of Flatwoods, went to the Daniels Drive residence to execute the warrant. Sanders mere told him that the warrant was not meant for her. He assured her that he would "straighten it out," according to her testimony, and he left the premises without making an arrest. Officer Leonhart returned a few days later, however, took the plaintiff into custody, and had her jailed. She was released the following day.
 
 
 6
 Mrs. Sanders subsequently filed the instant action against Officer Leonhart (in his individual and official capacities), the City of Flatwoods, and "Other Unnamed Individuals." In addition to asserting a federal civil rights claim under 42 U.S.C. Sec. 1983, the complaint asserted state-law claims of outrageous conduct, intentional infliction of emotional distress, abuse of legal process, false imprisonment, and gross negligence.
 
 
 7
 After some discovery had taken place, the defendants moved for summary judgment. They argued, among other things, that the Sec. 1983 action against Officer Leonhart was precluded by the Supreme Court's decision in Baker v. McCollan, 443 U.S. 137 (1979); that Officer Leonhart was entitled to qualified immunity; and that the plaintiff had offered no facts to support her federal and state-law claims against the city. The plaintiff filed a response with supporting documentation, as well as a motion to compel the City of Flatwoods to produce its records relating to complaints of police misconduct. The district court granted the defendants' motion and denied the plaintiff's motion as moot. A motion for postjudgment relief was denied, and this appeal followed.
 
 II
 
 8
 The plaintiff maintains that neither the Supreme Court's decision in Baker v. McCollan nor the doctrine of qualified immunity entitles Officer Leonhart to judgment as a matter of law. We agree.
 
 
 9
 * Baker v. McCollan teaches that "a sheriff executing an arrest warrant is [not] required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent." 443 U.S. at 145-146. Unlike the plaintiff in Baker, Mrs. Sanders is not alleging that the officer failed to conduct an inquiry into the question of mistaken identity. She maintains that the officer knew she was the wrong person, and she says that he arrested her as a means of forcing her to reveal the whereabouts of the person for whom he knew the warrant was really intended.
 
 
 10
 We find the opinion in Gay v. Wall, 761 F.2d 175 (4th Cir.1985), instructive in this connection. Larry Gay brought a Sec. 1983 action against four Virginia Beach police officers who were alleged to have arrested him unlawfully even though the arrest was made pursuant to a warrant that was valid on its face. On the strength of Baker, supra, the district court entered summary judgment for the defendants. The judgment was reversed on appeal, the court of appeals observing that Mr. Gay had alleged that the defendants possessed actual knowledge of his innocence but refused to let him go:
 
 
 11
 "This case does not simply claim, as did the plaintiff in Baker, that the state officials should have determined through some affirmative inquiry that the plaintiff was innocent. Rather, Gay contends that the defendants had actual knowledge of his innocence, yet detained him until they could 'find the right man.' Such a claim is not precluded by Baker, because that case does not involve actual knowledge of the defendant's innocence, but rather the failure to take affirmative steps to determine his innocence. If Gay's allegations are true that the defendants deprived him of his liberty beyond a time when they knew him to be innocent, the defendants' conduct may well be actionable under Sec. 1983." Id. at 178-179.
 
 
 12
 To survive a motion for summary judgment, of course, the plaintiff must do more than rest on her complaint; she must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We believe that plaintiff Sanders met this burden in the case at bar. Her deposition testimony, filed with the district court, attests that on two separate occasions following the arrest, Officer Leonhart offered to set her free if she would tell him where to find her daughter. No such element was present in Gay v. Wall, supra. If a trier of fact should accept Mrs. Sanders' version of what happened, this would be a stronger case for the plaintiff than was Gay v. Wall.
 
 
 13
 In his own deposition, Officer Leonhart categorically denied Mrs. Sanders' allegations of coercion. A jury may well conclude that the officer's version is the correct one; the conflicting testimony does raise a genuine issue of material fact, however, thereby making summary disposition of the case inappropriate. As the Supreme Court emphasized in Anderson, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." 477 U.S. at 255.
 
 B
 
 14
 As to the question of qualified immunity, the Supreme Court's decision in Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), teaches that "government officials performing discretionary functions generally are shielded from liability for civil damages [only] insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." The Court explained in Anderson v. Creighton, 483 U.S. 635, 640 (1987), that
 
 
 15
 "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." (Citations omitted.)
 
 
 16
 Applying these principles to the case at bar, we conclude that Officer Leonhart was not entitled to summary judgment on the ground of qualified immunity. If it is true, as the plaintiff alleges, that the arrest was made to coerce her into divulging the location of the person for whom the officer knew the warrant was actually intended, the unlawfulness of his actions should have been "apparent" to him. No reasonable police officer could have thought it lawful to arrest an innocent woman under a warrant intended for another, hoping thereby to learn the other person's whereabouts.
 
 III
 
 17
 We turn finally to the plaintiff's claims against the City of Flatwoods. The district court dismissed those claims and denied the plaintiff's discovery motion as moot on the ground that recovery from the city would depend upon "a finding of liability on the part of Officer Leonhart." We do not know if Officer Leonhart will be found liable, and we do not know how the district court would view the case against the city if the officer were to be found liable. Accordingly, we shall vacate the judgment for the city without prejudice to that defendant's right to renew its motion if it wishes to do so.
 
 
 18
 The judgment of the district court is REVERSED, and the case is REMANDED for further proceedings not inconsistent with this opinion.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior United States District Judge for the Western District of Michigan, sitting by designation